IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs   ) | No. 16CR19 |
| ) | |
| GILBERT WILES,   ) | |
| ) | |
| ) | |
| Defendant.   ) | |

## DEFENDANT GILBERT WILES' MOTION DISMISS THE CHARGES AGAINST HIM FOR INSUFFICIENT EVIDENCE

COMES NOW the Defendant, Gilbert Wiles, by and through his counsel of record, Dion Custis, and pursuant to the Fifth and Sixth Amendments of the Constitution of the United States, presents this his Brief in Support of Defendant's Motion to dismiss the charges against him, and would respectfully show this Honorable Court the following:

### FACTS

On February 27, 2014 the defendant, along with Mr. Lewis, landed an aircraft at the Yellowstone Regional Airport in Cody, Wyoming. Because the defendants did not announce the airplane's tail number over the radio and did not contact the airport by radio before landing the airplane, airport personnel were suspicious and therefore called local authorities, although this practice is not required, it is commonly done by pilots.

The authorities arrived at the hanger to investigate the plane. The two defendants had checked in to the Holiday Inn. To undertake the investigation, a K-9 unit was called

to the airport and was deployed around the plane. On February 28, 2014, the Cody Police Department obtained search warrants for both the Holiday Inn, Room 110 and for the plane.

Authorities searched the room and seized a number of electronic devices, a number of photo identification cards belonging to the codefendant in this case, Michael Lewis, and $258,520.00 in U.S. currency. The search of the plane was also completed. There were no narcodics found either in the plane or in the hotel room. The plane did not have current registration papers in it. The plane was determined to be owned by Morris Point, LLC ("Morris Point") to be organized under the laws of the State of New Mexico, but was not duly registered.

Choice Aviation Director of Operations Joel Simmons, and employee, Matt Beatty identified Scott Michael Lewis as the pilot of the plane. Michael Lewis, the codefendant, was placed under arrest for violation of Wyoming State Statute 10-4-201, Federal License and Registration of Aircraft Required and 10-4-202, Federal Pilot's License Required. The Defendant, Mr. Wiles, was released without incident.

On January 14, 2016, the defendant was indicted by a grand jury on two counts:

COUNT ONE

From on or about December 11, 2012, through and including on or about February 28, 2014, in the District of Wyoming and elsewhere, the Defendants, SCOTT MICHAEL LEWIS and GILBERT WAYNE WILES, JR., did knowingly, intentionally, and

unlawfully combine, conspire, confederate, and agree with each other and with other persons unknown to the grand jury to commit an offense against the United States, that is, to willfully operate an unregistered aircraft, in violation of 49 U.S.C. § 46306(b)(6)(A).

COUNT TWO

On or about February 27, 2014, in the District of Wyoming, the Defendants, SCOTT MICHAEL LEWIS and GILBERT WAYNE WILES, JR., did knowingly and willfully

operate an aircraft eligible for registration under 49 U.S.C. § 44102, namely, a Cessna 206

airplane bearing tail number N6214V, while not using said aircraft to provide "air transportation" as defined by 49 U.S.C. § 40102(a)(5), and while knowing said aircraft was not registered under 49 U.S.C. § 44103, and the defendants did knowingly aid and abet

each other in the commission of said offense.

In violation of 49 U.S.C. § 46306(b)(6)(A), 18 U.S.C. § 2, *and Pinkerton v. United States*, 328 U.S. 640 (1946).

## ARGUMENT

A motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(B) tests the sufficiency of the indictment. In analyzing a motion to dismiss, the Court must accept as true the facts alleged in the indictment and determine if those facts constitute a

violation of the law under which the defendant is charged. *United States v. Stewart*, 955 F.Supp. 385, 386 (E.D. Pa. 1997). If the facts alleged do not constitute a violation of federal law, the charges should be dismissed.

After reviewing the evidence, it is the defendant's contention that there is not sufficient evidence for which a reasonable jury could find the defendant guilty beyond a reasonable doubt of violating the statutes the government has charged him of violating. <u>Thus, the charge fully and clearly specifies the acts defendant is alleged to have done, but these acts constitute no crime.</u>

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938). It is clear that the government has proffered no evidence that actually supports a theory of conspiracy. The defendant did not own the plane; neither did he purchase the plane, but was acting as an agent of Morris Point when he paid for the plane. Moreover, the defendant was not the pilot of the plane; therefore, he was not "operating" nor "attempting to operate" the plane as required by 49 U.S. Code § 46306.

To obviate this salient difficulty the government contends that because the plane

the defendants were in had the capability to be flown by either the pilot or an individual in the passenger seat, therefore, the defendant must have "operated" the plane as well. But, the only evidence the government offers pertaining to the operation of the plane is the testimony of airport personnel of which both witnesses stated that Mr. Lewis was the Pilot. Furthermore, Mr. Wiles was not "aiding or abetting" anyone in the commission of a crime against the United States, and the government offers no evidence that Mr. Wiles, while neither the owner of the plane, nor its pilot, had any reason to know that the plane was not duly registered.

The evidence the government has obtained against Mr. Wiles does not constitute any crime, much less the specific statutes with which it has charged him. Much of the evidence the government asserts at best casts suspicion on the activities of the defendants; however, no evidence was obtained to charge them with anything more than these two statutes.

## CONCLUSION

Thus, after reviewing the discovery, the evidence is insufficient as a matter of law to prove the defendant's guilt of the charges set forth in the indictment.

WHEREFORE Mr. Wiles requests the Court to dismiss the charges against him.

DATED this 23day of March, 2016.

                                                 s/Dion J. Custis_____
                                                 Dion J. Custis
                                                 400 East 20th Street
                                                 Cheyenne, WY  82001
                                                 (307) 638-2442

## **CERTIFICATE OF SERVICE**

This Motion was served on all parties electronically.

                                                 /s/ Dion J.Custis_____
                                                 Dion J. Custis