IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | No. 16CR19 |
| ) | |
| GILBERT WILES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT GILBERT WILES MOTION TO MOVE THE COURT TO DETERMINE THE SENTENCING GUIDELINES FOR THIS CASE

COMES NOW, the above named Defendant, Gilbert Wiles, by and through counsel, Dion J. Custis, and respectfully moves this Court to make a sentencing determination, and for his Motion states and alleges the following:

## ARGUMENT

The defendant was indicted for violation of statute 49 U.S.C. § 46306(b)(6)(A), willfully operating an unregistered aircraft. There is no specific guideline for this offense, so USSG §2X5.1 applies, under which the court must "apply the most analogous offense guideline" unless "there is not a sufficiently analogous guideline, [in which case] the provisions of 18 U.S.C. § 3553 shall control." In the Tenth Circuit, a court applying §2X5.1 must determine whether one or more guidelines is sufficiently analogous and, if more than one is, select and apply the most analogous. See *United States v. Rakes*, 510 F.3d 1280, 1287 (10th Cir. 2007). "Whether there is a sufficiently analogous guideline to a particular crime is generally a task of comparing the elements of the defendant's crime of conviction to the elements of federal offenses already

covered by a specific guideline." *United States v. Nichols*, 169 F.3d 1255, 1270 (10th Cir. 1999).

Here, §2B1.1 appears to be the most analogous offense guideline, because it applies to the similar offense of willfully serving as an airman in air transportation without an airman's certificate, 49 U.S.C. § 46317(a). Although § 46317(a) differs from § 46306(b)(6)(A) in certain respects, both prohibit operating an aircraft without proper authorization. Thus, §2B1.1 is sufficiently analogous to apply to § 46306(b)(6)(A).

Moreover, the Ninth Circuit reached a similar conclusion in *United States v. McEnry*, 659 F.3d 893 (9th Cir. 2011). In that case, the defendant pled guilty to "serving as an airman without an airman's certificate, in violation of 49 U.S.C. § 46306(b)(7)." *McEnry*, 659 F.3d at 894. Observing that § 46306(b)(7) is very similar to § 46317(a), the difference being whether the aircraft was used to provide "air transportation," the Ninth Circuit held that §2B1.1 is the most analogous offense guideline for § 46306(b)(7). It is the defendant's contention that this same reasoning would likely apply in the present case, and §2B1.1 would apply to § 46306(b)(6)(A).

## CONCLUSION

The defendant argues that for a charge of this nature he should not be subjected to the guidlines on this offense; they are too harsh and that he should have a lesser guideline and/or that 18 U.S.C. §3553 should apply. The defendant asks the Court to make a determination on sentencing; he needs to know what he faces in terms of sentencing for purposes of determining his best course of action and to effectuate his right to effective assistance of counsel. His counsel cannot properly advise him without knowing what the sentencing guidelines the court will use in this case if the defendant receives a guilty verdict.

WHEREFORE Mr. Wiles requests the Court to make a determination as to the sentencing guidelines in this case.

DATED this 23 day of March, 2016.

        s/Dion J. Custis_____
        Dion J. Custis
        400 East 20th Street
        Cheyenne, WY 82001
        (307) 638-2442

## CERTIFICATE OF SERVICE

This Motion requesting a determination on sentencing guidelines was served on all parties electronically.

        s/Dion J. Custis\_\_\_\_\_
        Dion J. Custis