IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16CR19 |
| SCOTT M. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE 404(b) EVIDENCE**

COMES NOW Defendant, Scott Lewis, by and through counsel, Joe D. Bustos, and hereby moves in limine this honorable Court to prevent the introduction of evidence and/or testimony regarding F.R.E. 404(b). Grounds for this motion:

Defendant is aware of the Court's discovery order requiring the Government to provide notice at least 5 days prior to trial of any F.R.E. 404(b) evidence it seeks to introduce. Defendant's concern is that the Government and the Defendant may and likely will have different interpretations of what is 404(b) and what isn't 404(b) evidence. Defendant now asserts what he believes is 404(b) evidence and moves the Court to not allow this evidence at trial.

The Prosecution has included in its discovery information related to a prior criminal case conviction from the 2010 year in the State of California that resulted in a misdemeanor conviction. That case involved marijuana grow operation. Also, the Prosecution has provided information related to the investigation in this matter that gives the impression that the Defendant's aircraft use was related to other illegal activity (other than for he is presently charged). Throughout the provided discovery there is mention of the following:

1. Cash or money order transactions.

2. Short take off device modification made to the plane.

3. Money found at the hotel room in Cody, Wyoming.

4. Off shore business titled Morris Point.

5. Dealings in New Mexico in the creation of the Morris Point business.

6. All information related to the 2010 California case.

7. Not announcing tail number of plane when speaking with radio tower.

8. Covering up windows of the plane when it is staged.

9. Flying in inclement weather.

The only purpose the Defense can see for this evidence coming in at trial is to paint a negative image of the Defendant. The Prosecution has not identified how such evidence would be relevant to the charges of conspiracy or aiding and abetting, nor has the Prosecution identified how such evidence would meet a 404(b) exception.

Defendant prays the Court will issue an order requiring the Prosecution to identify its plans to seek to introduce such evidence well in advance of the trial date.

DATED this 4th day of March, 2016.

s/Joe D. Bustos
Joe D. Bustos, P.C. 6-3581
Attorney for Defendant
400 East 20th St.
Cheyenne, WY 82001
(307) 638-4633

## CERTIFICATE OF SERVICE

This Motion was served on all parties electronically.

s/Joe D. Bustos_____
Joe D. Bustos
