THOMAS SZOTT
Assistant United States Attorney
Wyoming Bar Number 7-5139
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Thomas.Szott@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**GILBERT WAYNE WILES, JR.,**<br><br>　　　　　Defendant. | **Criminal No. 16-CR-19-J** |

### Notice of Possible Federal Rule of Evidence 801(d)(2)(E) Statements

The United States hereby offers notice of its intent to offer coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). This Rule provides that a statement "offered against an opposing party and . . . made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay. "[S]tatements of co-conspirators are admissible as substantive evidence against all other members of the conspiracy." *United States v. Vasquez*, 422 F. App'x 713, 718 (10th Cir. 2011). For statements to be admissible under Rule 801(d)(2)(E), the proponent of the evidence must establish, by a preponderance of the evidence, see *Bourjaily v. United States*, 483 U.S. 171, 176 (1987), that: (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made during the course of, and in furtherance of, the conspiracy. *See United States v. Johnson*, 4 F.3d 904, 914 (10th Cir.1993) (citing cases).

> Under Tenth Circuit law, the district court may satisfy the prerequisites for admission of a co-conspirator statement through either of two means: by holding a *James* hearing or by provisionally admitting the statement with the caveat that the party offering it must prove the existence of the predicate conspiracy through trial testimony or other evidence. In either case, the court may consider the hearsay [*sic*] statement itself, as well as independent factors, in determining whether the government has established a conspiracy by a preponderance of the evidence.

*United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998) (quotations, brackets, and ellipsis omitted).

In the present case, the United States intends to introduce jail calls between Co-Defendant Scott Michael Lewis and an unidentified coconspirator. Lewis placed these calls from the Park County Detention Center between February 28 and March 3, 2014. The calls were previously produced in discovery to Defendant Wiles.

In the calls, Co-Defendant Lewis and an unknown co-conspirator discussed Lewis' situation at various times. Among other things, Lewis provided the unknown co-conspirator with information about what is happening – including the apparent weakness of the case against him – and asked the unknown co-conspirator to pass the information along to other unknown – but sometimes named – co-conspirators. At various times, Lewis and the unknown co-conspirator discussed the person who was in Cody with Lewis. Although Lewis and the unknown co-conspirator did not name Defendant Wiles, from the context and the other evidence that will be presented at trial, the United States will demonstrate that Lewis and the unknown co-conspirator were discussing Wiles. Among other things, Lewis and the unknown co-conspirator discussed whether Wiles was arrested, whether Wiles had left Cody (and by what means), and whether Wiles had access to the airplane after Lewis' arrest. In a later call, the unknown co-conspirator told Lewis that Wiles was in contact with "Lenny," another unknown co-conspirator,

and that Wiles was picked up, presumably because he didn't have access to the airplane. Lewis also speaks with the co-conspirator about arranging a "legal team" for him (Lewis) and asks for it to be somebody with aviation experience.

These statements should be admissible under Rule 801(d)(2)(E). They are relevant in Wiles' case because, among other things, they demonstrate Wiles' connection to Lewis, the airplane, and the unknown co-conspirators. In the Indictment, the grand jury alleged the conspiracy continued "through and including on or about February 28, 2014." Based on Lewis' conversations with the unknown co-conspirator, the conspiracy was ongoing even after Lewis' arrest, and the co-conspirators' agreement to operate the unregistered aircraft had not yet come to an end.

Moreover, Lewis' conversations with the unknown co-conspirator were made in furtherance of the conspiracy.

> Statements by a conspirator are in furtherance of the conspiracy when they are intended to promote the conspiratorial objectives. For instance, statements that explain events of importance to the conspiracy in order to facilitate its operation are considered to be in furtherance of the conspiracy. Similarly, statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy further the ends of the conspiracy. More particularly, statements of a coconspirator identifying a fellow coconspirator are considered to be made in furtherance of the conspiracy.

*United States v. Smith*, 833 F.2d 213, 219 (10th Cir. 1987) (citations, brackets, ellipsis, and quotation marks omitted). Here, Lewis' statements in his jail calls served these and similar purposes.

Therefore, Lewis' statements in his jail calls should be admissible as substantive evidence against Wiles.

DATED this 13th day of April, 2016.

                            Respectfully submitted,

                            CHRISTOPHER A. CROFTS
                            United States Attorney


By:      */s/ Thomas Szott*
                            THOMAS SZOTT
                            Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2016, the foregoing was electronically filed and consequently served on defense counsel.

*/s/ Thomas Szott*
For the United States Attorney's Office