THOMAS SZOTT
Assistant United States Attorney
Wyoming Bar Number 7-5139
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Thomas.Szott@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **Criminal No. 16-CR-19-J** |
| **v.** | |
| **SCOTT MICHAEL LEWIS** and **GILBERT WAYNE WILES, JR.,** | |
| Defendants. | |

---

### Government's Motion for a Preliminary Order of Forfeiture

---

1.      In a two-count indictment filed on January 14, 2016, the grand jury charged the Defendants, Scott Michael Lewis and Gilbert Wayne Wiles, Jr., with conspiracy to operate an unregistered aircraft (Count One) and operating an unregistered aircraft and aiding and abetting (Count Two).  (ECF No. 1).

2.      The indictment contained a forfeiture notice advising the Defendants that, upon conviction, the Defendants would be required to forfeit, pursuant to 49 U.S.C. § 46306(d), any aircraft whose use is related to, or to aid or facilitate, a violation of § 46306(b).  The forfeiture notice specifically identified the Cessna 206 airplane bearing tail number N6214V that landed in Cody, Wyoming on or about February 27, 2014 ("the airplane").

3.      The airplane was previously seized and is currently in the custody of the United States.

4.      On April 12, 2016, Lewis and the United States filed a written plea agreement with the court.  (ECF Nos. 64, 65).  In the plea agreement, among other things, Lewis agreed to plead guilty to Count Two of the Indictment and consent to the forfeiture of the airplane.

5.      On April 13, 2016, Lewis appeared before this court and pled guilty pursuant to the plea agreement.  (ECF No. 75).

6.      On April 15, 2016, Wiles and the United States filed a written plea agreement with the court.  (ECF Nos. 81, 82).  In the plea agreement, among other things, Wiles agreed to plead guilty to Count Two of the Indictment and consent to the forfeiture of the airplane.

7.      On April 21, 2016, Wiles appeared before this court and pled guilty to Count Two pursuant to the plea agreement.  (ECF No. 83).  Accordingly, the United States now moves pursuant to Federal Rule of Criminal Procedure 32.2(b) for entry of a Preliminary Order of Forfeiture, forfeiting the airplane to the United States.

8.      Rule 32.2(b)(1), (b)(2), (b)(3), and (b)(4), Federal Rules of Criminal Procedure, provide that:

> **(1) Forfeiture Phase of the Trial.**
> **(A) Forfeiture Determinations.** As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

**(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(2) Preliminary Order.**

**(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . . .

**(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

**(4) Sentence and Judgment.**

**(A) When Final.** At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

**(B) Notice and Inclusion in the Judgment.** The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

9.      To obtain an order of forfeiture pursuant to Rule 32.2(b), the United States must establish the required nexus between the property and the offense of conviction by a preponderance of the evidence.  *See United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003); *United States v. Tanner*, 61 F.3d 231, 234-35 (4th Cir. 1995).

10.      Based on Wiles' written plea agreement, Lewis' written plea agreement, and other information submitted by the United States, the United States has established the required nexus between the airplane and the offenses to which Lewis and Wiles pled guilty.  In pleading guilty, each Defendant acknowledged under oath that the airplane was used in the charged violation of 49 U.S.C. § 46306(b)(6)(A).   Thus, airplane is subject to forfeiture pursuant to 49 U.S.C. § 46306(d) and 28 U.S.C. § 2461(c).

11.      Upon the issuance of a Preliminary Order of Forfeiture, the United States will publish notice of the Order on the Government's official Internet website, www.forfeiture.gov, and will send direct notice to any person, other than Lewis and Wiles, having or claiming a legal interest in the property, advising such person of his or her right to file a petition contesting the forfeiture in accordance with 21 U.S.C. § 853(n) and Rule 32.2(c).  This notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

12.      In accordance with the provisions of Rule 32.2(b)(3), the United States requests that it be permitted to seize the specific property subject to forfeiture, whether held by the

4

defendant or a third party, and to undertake whatever discovery is necessary to identify, locate,

or dispose of property subject to forfeiture.

WHEREFORE, the United States respectfully requests that this court enter a Preliminary

Order of Forfeiture.

DATED this 29th day of April, 2016.

Respectfully submitted,

CHRISTOPHER A. CROFTS
United States Attorney


By:      */s/ Thomas Szott*
THOMAS SZOTT
Assistant United States Attorney

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2016, the foregoing was electronically filed and consequently served on defense counsel.


_____*/s/ Kylie Severns*_____
For the United States Attorney's Office