1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF WYOMING

3    ----------------------------------------------------------------

4    UNITED STATES OF AMERICA,            Case No. 16-CR-00019-J

5           Plaintiff,                    Cheyenne, Wyoming
                                          April 15, 2016
6           vs.                           4:27 p.m.

7    GILBERT WAYNE WILES, JR.,

8           Defendant.

9    ----------------------------------------------------------------

10

11
                 TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
12
                 BEFORE THE HONORABLE ALAN B. JOHNSON
13                  UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16   For the Plaintiff:      MR. THOMAS A. SZOTT
                             MR. STUART S. HEALY, III
17                           Assistant United States Attorneys
                             UNITED STATES ATTORNEY'S OFFICE
18                           P.O. Box 668
                             Cheyenne, WY 82003
19
     For the Defendant:      MR. DION J. CUSTIS
20                           Attorney at Law
                             DION J. CUSTIS, P.C.
21                           400 East 20th Street
                             Cheyenne, WY 82001
22

23   Court Reporter:         MS. JULIE H. THOMAS, RMR, CRR
                             901 19th Street, Room A256
24                           Denver, CO 80294
                             (303)296-3056   CA CSR No. 9162
25

     Proceedings recorded by mechanical stenography;
     transcript produced by computer.

1          (Proceedings commenced 4:27 p.m.,

2      April 15, 2016.)

3              THE COURT:  Please be seated.

4              We're here this afternoon, prior to the expected

5      snowstorm, in the case of United States of America, plaintiff,

6      against Gilbert Wayne Wiles Jr.  This case is before the Court

7      under Docket 16-CR-00019.  Present representing the Government

8      are Thomas Szott, Assistant United States Attorney for the

9      District of Wyoming, and Stuart Healy, Assistant United States

10     Attorney.  Present is the defendant in person and his counsel,

11     Dion J. Custis.

12             Is the Government ready to proceed?

13             MR. SZOTT:  Yes, Your Honor.  Thank you.

14             THE COURT:  Mr. Szott.

15             MR. SZOTT:  Your Honor, again by way of background,

16     although I believe the Court is well familiar with the

17     procedural history of this case, the Indictment was originally

18     filed back on January the 14th.  It contained two counts of

19     which we are focused on the second count this afternoon.  That

20     charge is operating an unregistered aircraft and aiding and

21     abetting which is in violation of 49 U.S. Code Section

22     46306(b)(6)(A) and Section 2 under Title 18 of the United

23     States Code.  That offense is punishable by statutory maximum

24     penalties of up to three years' imprisonment, up to a fine of

25     $250,000, up to one year of supervised release, a mandatory

1   $100 special assessment and, I will mention because it's

2   contemplated by the 11(c)(1)(C) Plea Agreement in this case,

3   between one and five years of probation.

4          Trial in this matter is set for this coming Tuesday.

5   A Plea Agreement was filed with the Court just now, Your

6   Honor, a few minutes ago.  It's a plea agreement that comes

7   before the Court again under Rule 11(c)(1)(C) of the Federal

8   Rules of Criminal Procedure and has the following material

9   terms, Your Honor.  First of all, it is also a conditional

10  plea in which Mr. Wiles is reserving his right to appeal

11  adverse determinations of his motions to suppress, dismiss the

12  Indictment, sever the trial, and finally his motion for an

13  opinion on the advisory guidelines.

14         The Plea Agreement also sets forth a stipulated

15  factual basis, and my understanding is that the intention is

16  to rely on that factual basis, Your Honor, in paragraph 6 to

17  satisfy the essential elements of the aiding and abetting

18  aspect of Count 2 of the Indictment.

19         Again, under Rule 11(c)(1)(C), this is a stipulated

20  plea agreement that seeks to bind the Court to a sentence of

21  not more than three years' probation.  Under the Plea

22  Agreement, Mr. Wiles is free to argue for as little as one

23  year, which is the minimum required under the law, and the

24  United States may argue for up to three years of probation.

25  The United States is also agreeing to recommend that Mr. Wiles

1   remain released pending sentencing.  And then the Government

2   is also agreeing to dismiss Count 1 of the Indictment at the

3   time of sentencing.

4           The Plea Agreement also contains an agreement to

5   forfeit the airplane, and I guess this is somewhat obvious

6   given the nature of the conditional plea, but Mr. Wiles is not

7   surrendering any right to appeal, although with it being a

8   (c)(1)(C) plea agreement, really the conditional aspect of it

9   is preserving his right to appeal those motions.

10          And with that, Your Honor, I believe we are ready to

11  move forward.

12          THE COURT:  Very well.  Mr. Custis and Mr. Wiles,

13  please come forward.

14          MR. CUSTIS:  Good afternoon, Your Honor.

15          THE COURT:  Good afternoon, Mr. Custis.

16          Mr. Wiles, would you raise your right hand and be

17  sworn.

18      (The defendant was sworn.)

19          COURTROOM DEPUTY:  Thank you.

20          THE COURT:  You've taken an oath to speak truthfully

21  to the Court.  If your answers are false, your answers may be

22  later used against you in a further prosecution for perjury or

23  false swearing.  Do you understand?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Although I'm not in the best position to

1   answer all of the questions you may have.  Nevertheless, if

2   you have questions during this proceedings, feel free to

3   interrupt the Court.  We'll try to find answers for you.  If

4   at any time during the proceedings you wish to speak to your

5   attorney, again, interrupt me, and you may step aside and

6   speak to your attorney privately.  Is that agreeable?

7           THE DEFENDANT:  Thank you, Your Honor.

8           THE COURT:  Very well.  During this proceedings it's

9   my understanding, correct me if I'm wrong, that the Court will

10  be faced with the issue, if you enter a plea of guilty to

11  Count 2, and that is the aiding and abetting portion of

12  Count 2, of requiring a factual basis, and the factual basis

13  as I understand is a stipulated factual basis which is set

14  forth in the Plea Agreement in this matter.

15          THE DEFENDANT:  That's --

16          THE COURT:  And I will review that for you at an

17  appropriate time and at that time would ask you whether or not

18  you ratify and confirm the facts that are set forth in that

19  stipulated factual basis.  Do you understand?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Very well.  We will proceed.  Please

22  state your full name.

23          THE DEFENDANT:  Gilbert Wayne Wiles Jr.

24          THE COURT:  Where were you born?

25          THE DEFENDANT:  Akron, Ohio.

1            THE COURT:  And how old are you?

2            THE DEFENDANT:  38.

3            THE COURT:  Tell me about your education.

4            THE DEFENDANT:  I went to college at the Ohio State

5    University.

6            THE COURT:  All right.  What is your usual

7    occupation?

8            THE DEFENDANT:  I work currently as a manager for a

9    sales team in the mortgage industry.

10            THE COURT:  All right.  And you've worked in banking

11    in the past; is that correct?

12            THE DEFENDANT:  I have, sir, Your Honor.

13            THE COURT:  Have you been treated recently for any

14    mental illness or physical condition that would affect your

15    understanding of these proceedings and what's happening?

16            THE DEFENDANT:  No, Your Honor.

17            THE COURT:  Are you addicted to any narcotics or

18    controlled substances?

19            THE DEFENDANT:  No, Your Honor.

20            THE COURT:  Today are you under the influence of any

21    drug, alcohol, medication, or other controlled substance?

22            THE DEFENDANT:  No, Your Honor.

23            THE COURT:  Have you received a copy of the

24    Indictment containing the charges against you?

25            THE DEFENDANT:  Yes, I have.

 1              THE COURT:  Have you discussed your case thoroughly

 2    with your attorney, Mr. Custis?

 3              THE DEFENDANT:  We have, Your Honor.

 4              THE COURT:  And are you satisfied with the work that

 5    he's been doing for you?

 6              THE DEFENDANT:  Mr. Custis has done a fine job.

 7              THE COURT:  I have before me today -- I'm not

 8    disagreeing with you either.  He's raised every issue that I

 9    think conceivably could be raised in this case.

10              The Plea Agreement in this matter has been filed.

11    Have you read the Plea Agreement?

12              THE DEFENDANT:  I have.

13              THE COURT:  And have you discussed it with your

14    attorney?

15              THE DEFENDANT:  Yes, Your Honor.

16              THE COURT:  Does this Plea Agreement represent in its

17    entirety your understanding that you have with the United

18    States?

19              THE DEFENDANT:  It does, Your Honor.

20              THE COURT:  Do you feel that you understand the terms

21    and conditions set forth in this Plea Agreement?

22              THE DEFENDANT:  Yes, I do.

23              THE COURT:  Has anyone made any promises or

24    assurances to you other than what are set forth in the Plea

25    Agreement?

Julie H. Thomas, RMR, CRR                      (303)296-3056

 1            THE DEFENDANT:  No.

 2            THE COURT:  Has anyone caused you to sign this Plea

 3    Agreement by threat, coercion, or violence against you?

 4            THE DEFENDANT:  No.

 5            THE COURT:  This is a special kind of plea agreement.

 6    It comes before the Court, as referred to by Mr. Szott, under

 7    the provisions of Federal Rule of Criminal Procedure

 8    11(c)(1)(C).  By this plea agreement, it attempts to bind the

 9    Court to a particular sentencing range in your case.  First of

10    all, it attempts to bind the Court to a probationary sentence

11    in your case, and it attempts to bind the Court with regard to

12    the Government contending that -- or will contend at

13    sentencing that a sentence of not less than three years of

14    probation be imposed, but allowing you to argue for and seek a

15    sentence of not less than one year of supervised probation.

16    Is that true?

17            THE DEFENDANT:  That is my understanding, Your Honor.

18            THE COURT:  Very well.  There are a number of other

19    provisions in addition, including your right to -- this is a

20    conditional plea that would allow you to raise issues that you

21    feel would -- might support an appeal to the Tenth Circuit

22    Court of Appeals in Denver, Colorado.  That would be a matter

23    that you and your attorney will have to make once you've

24    entered your plea and have been sentenced in this matter.

25            As to the Plea Agreement, however, it is imperative

1    that you understand that if I choose not to follow the terms

2    and conditions of the Plea Agreement, I will give you the

3    opportunity to withdraw from your plea of guilty.  And if you

4    choose to not withdraw from your plea, I may impose a more

5    severe sentence without being bound by the Plea Agreement or

6    the specific terms of the Plea Agreement that might be

7    rejected by the Court.  Do you understand?

8               THE DEFENDANT:  I understand what you've said, yes,

9    Your Honor.

10              THE COURT:  I will explain -- if that should occur,

11   if I should reject a part or all of the Plea Agreement, I

12   would tell you so.  And if I am only rejecting a part, I would

13   tell you what part I'm rejecting, and you, of course, at that

14   point could confer with counsel and make your own decision as

15   to how you wish to proceed.  Any questions about that?

16              THE DEFENDANT:  No.

17              THE COURT:  Very well.  Has anyone attempted in any

18   way to force you to plead guilty by threat, coercion, or

19   violence against you or those close to you?

20              THE DEFENDANT:  No, Your Honor.

21              THE COURT:  Has anyone sought to induce you to plead

22   guilty by promises or assurances that are not contained in the

23   Plea Agreement?

24              THE DEFENDANT:  No, Your Honor.

25              THE COURT:  Will you be pleading guilty of your own

 1   free will because you are, in fact, guilty of this charge?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  Very well.  This plea is certainly

 4   consequential.  It is a plea to a felony offense, which means

 5   that the charge contains a penalty which could include a

 6   sentence to imprisonment for a term exceeding one year.  And

 7   because it is a felony offense, if your plea is accepted by

 8   the Court, you will be adjudged guilty of that offense, and

 9   that adjudication may deprive you of valuable civil rights,

10   including the right to vote, the right to seek and hold public

11   office, the right to serve on a jury, and the right to possess

12   any kind of firearm, ammunition, or explosive device.  Is that

13   your understanding as well?

14      (The defendant and counsel consult.)

15              THE COURT:  If you want to step away from the

16   rostrum, feel free to do that.

17              THE DEFENDANT:  I got it, Your Honor.  I understand,

18   yes.

19              THE COURT:  Now, there's one area that I know about

20   and you, of course, have earned.  That is the fact that you

21   are a licensed pilot, in fact an instructor pilot.  I have no

22   knowledge that I can give you or advice that I carry around

23   with me concerning the effect of your plea of guilty on that

24   federal licensing.  Have you looked into that at all?

25              THE DEFENDANT:  I have.

1           THE COURT:  All right.  Do you understand that a

2    conviction for this offense through the -- if the Court adopts

3    the Plea Agreement in this matter and imposes a sentence of

4    not more than three years of probation, that there may be

5    future restrictions that are substantial on where you may live

6    or work and with whom you may associate?  Do you understand?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  Again, I have no personal knowledge of

9    the effect of a probationary sentence may have on your work in

10   the mortgage industry, for example, or as a manager of a sales

11   team.  I hope that you've looked into that as well.

12          THE DEFENDANT:  I have looked into that, and luckily

13   I'm very well supported.

14          THE COURT:  Good.  I certainly don't expect if a

15   probationary sentence is imposed that there would be any

16   violation of the terms and conditions of your probation.

17   However, if there were, and if they were serious enough, you

18   could be haled back into court, and the Court could

19   conceivably revoke the term of probation and supervision in

20   your case and impose a prison sentence as authorized by law.

21   Do you understand that?

22          THE DEFENDANT:  Yes, I do, Your Honor.

23          THE COURT:  Very well.  The maximum sentence in this

24   case, which I'm sure that you have discussed again and again

25   with your attorney, is a sentence of not more than three

1  years' imprisonment, a fine of not more than $250,000, up to

2  one year of supervised release, one to five years of

3  probation, and a $100 special assessment which is collected

4  from you and is money that goes to a crime victims fund

5  administered by the United States Government.  This is a

6  Class E felony.  Do you understand?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Have you and Mr. Custis discussed the --

9  well, the advisory sentencing guidelines, how they might

10 otherwise apply in your case?

11         THE DEFENDANT:  Uh, yes, Your Honor, we have

12 discussed.

13         THE COURT:  Very well.  Both you and the Government,

14 I want you to understand, may have the right to appeal a

15 judgment and sentence imposed by this Court.  However, if I

16 accept the terms and conditions of the 11(c)(1)(C) plea

17 agreement in this matter, really the agreement will be

18 executed under order of the Court, and as such your right to

19 appeal would virtually disappear in your case, save and except

20 this is a conditional appeal, and at least for the terms and

21 conditions that you may be seeking an appeal in this matter,

22 any or all of them, you would be allowed to proceed.

23         It is important to remember, though, that once you

24 are sentenced, you have a limited period of time to commence

25 your appeal by filing a notice of appeal, and that is a 14-day

1  period following entry of the judgment and sentence with the

2  office of the Clerk of Court.  So immediately after

3  sentencing, it would be wise to start discussions with your

4  attorney where you would instruct whether or not you wish to

5  proceed with the appeal.  And I'm sure there are

6  considerations as to whether or not you would wish to proceed,

7  but that's up to you and your attorney.

8          THE DEFENDANT:  Thank you, Your Honor.

9          THE COURT:  The Government could appeal as well the

10  judgment and sentence in the case.

11          Now, I will be ordering a presentence investigation

12  report to be prepared in your case.  And as I understand it,

13  the person who will author that report is not present in court

14  this afternoon.  We have a stand-in, Mr. Olive, who is

15  substituting for Mr. Fitzgerald who will be the author of that

16  report.  Both of these individuals are very experienced in

17  preparing presentence investigation reports.  I think

18  Mr. Olive is preparing the report for your codefendant in this

19  matter, and a fresh set of eyes will be preparing the report

20  in your case.

21          Once that report is prepared, and it takes about 45

22  days for it to be prepared, and throughout that period you

23  will have access to your attorney and be able to discuss any

24  issues that may arise during that process.  Your attorney will

25  help you in making any legal objections under the advisory

1   guidelines to that report.  In addition, he will assist you in

2   bringing to the attention of Mr. Fitzgerald any objections

3   that you might have to the factual recitations that are

4   contained in that presentence investigation report.  So you're

5   not waiving anything with regard to your opportunity to file

6   objections to that report or challenge the facts contained in

7   it.

8           Now, Mr. Fitzgerald will change the report if he

9   agrees with you and will do that in an addendum to the report.

10  If he disagrees with you, he'll state why in that addendum,

11  and all of that will come to me, and we'll resolve it as the

12  first matter of business at the sentencing hearing.

13          Do you understand?

14          THE DEFENDANT:  Yes, Your Honor, I do.

15          THE COURT:  All right.  I am sure that you have been

16  made aware of your trial rights in connection with this case.

17  I'll review them with you.

18          You have the right to plead not guilty to any and all

19  charges against you and to persist in your pleas of not

20  guilty.  You would then have the right to a trial before a

21  jury of 12 adult residents of the District of Wyoming who

22  would be selected at trial to serve as judges of the facts of

23  your case.  At trial you would be presumed innocent of any

24  wrongdoing, and the jury would be instructed to that

25  presumption of innocence.  The Government would have to prove

1  your guilt by proof beyond a reasonable doubt through the

2  testimony of its witnesses and the evidence that would be

3  received at trial.  The standard is beyond a reasonable doubt.

4          At trial you would have the right to be assisted by

5  Mr. Custis as your counsel for your defense, appointed by the

6  Court if necessary.  He would serve you at trial and at every

7  other stage of the proceedings.  You would have the right to

8  see and hear all of the witnesses and evidence against you and

9  to have the witnesses cross-examined in your defense by

10  Mr. Custis.  You would have the right on your own part to

11  decline or not to testify unless you voluntarily elected to do

12  so in your own defense.

13          And you would have the right to compel the attendance

14  of witnesses to testify in your defense or produce evidence in

15  their possession that might be helpful to your defense.  What

16  happens is that Mr. Custis would apply to the Court for the

17  issuance of subpoenas, and the Court may issue those

18  subpoenas, if necessary, in your defense.  All of that can be

19  furnished at public expense if necessary.

20          Do you have any questions so far?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  You understand these things?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand further that should you

25  decide not to testify at trial or put on any evidence, the

1  fact of your silence cannot be commented upon and is not

2  evidence that may be used against you at trial in any measure?

3  You have the right to remain silent.  The Government has the

4  burden of proof at every stage of the proceedings.  Do you

5  understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you further understand that by

8  entering a voluntary plea of guilty, if that plea is accepted

9  by the Court, there will be no trial; you will be considered

10 by the Court, by me, to have waived or to have given up your

11 right to a trial before a jury of 12?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Well, let's move on, then, and look to

14 the Indictment in this matter.  Count 2 of the Indictment

15 charges operation of an unregistered aircraft and aiding and

16 abetting in that crime in violation of Title 49 United States

17 Code Section 46306, 46306(b)(6)(A) and 18 United States Code

18 Section 2.  The count reads that "On or about February 27,

19 2014, in the District of Wyoming, the defendant, Gilbert Wayne

20 Wiles Jr., did willfully and knowingly aid and abet Scott

21 Michael Lewis in the knowing and willful operation of an

22 aircraft eligible for registration under Title 49 United

23 States Code Section 44102, namely a Cessna 206 airplane

24 bearing tail number N6214V, while not using said aircraft to

25 provide air transportation as defined by Title 49 United

1  States Code Section 40102(a)(5), and while knowing said

2  aircraft was not registered under Title 49 United States Code

3  Section 44103, and the defendants did knowingly aid and abet

4  each other in the commission of that offense."

5          The elements of this offense are set forth in the

6  prosecutor's statement, which has also been delivered to the

7  Court, and each of these elements would have to be proven

8  beyond a reasonable doubt if this matter went to trial:

9          First of all, that the offense occurred on or about

10  February 27, 2014.  The "on or about" language in the first

11  element allows the Government some leeway with regard to the

12  date on which the offense occurred, but it must be a date

13  reasonably near February 27, 2014.

14          Secondly, the offense must have occurred in the

15  District of Wyoming.  It is noted that the venue in federal

16  criminal cases is an element of the prosecutor's case which

17  must be proved, unlike the other elements in this case, by a

18  preponderance of the evidence; that is, more likely than not

19  is the proof for venue.  The fact that you are standing before

20  a judge in Wyoming describes why venue is important.  Not only

21  would you be tried in Wyoming, but also the jury is selected

22  from adult residents of Wyoming, the vicinage, your jury.

23  However, frankly, if I instructed this case, I'd probably

24  instruct that this element should be proven beyond a

25  reasonable doubt rather than confusing the jury with other

 1   instructions.

 2          Third, that codefendant Scott Michael Lewis committed

 3   the offense of willfully operating an unregistered aircraft in

 4   violation of Title 49 United States Code Section

 5   46306(b)(6)(A).

 6          And the final element is that you, Gilbert Wayne

 7   Wiles Jr., intentionally associated yourself in some way with

 8   the crime and intentionally participated in it as you would in

 9   something you wished to bring about.

10          Do you understand the elements of this offense?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  How do you plead, guilty or not guilty?

13          THE DEFENDANT:  Guilty.

14          THE COURT:  Now I'm going to go back to the Plea

15   Agreement in this matter and read before you the factual basis

16   here in open court.  Please listen to it carefully.

17          First of all, the defendant acknowledges that he

18   understands the nature and elements of the offense you are

19   pleading guilty to and agree to plead guilty and provide a

20   complete and truthful factual basis in open court in support

21   of the guilty plea.  You have made that plea here in open

22   court.

23          The defendant agrees to the following factual basis

24   in support of your guilty plea:

25          The defendant agrees that he was a passenger in an

1   airplane bearing tail number N6214V on February 27, 2014 when

2   codefendant Scott Michael Lewis landed the airplane in Cody,

3   Wyoming.

4        And you agree, further, that codefendant Lewis

5   committed the crime of willfully operating the airplane

6   without prior -- proper registration.

7        You agree that you were involved in purchasing the

8   airplane and paying for repairs to the airplane, and agree

9   that you never registered the airplane with the Federal

10  Aviation Administration and that you intended for codefendant

11  Lewis to fly the airplane both prior to and on February 27,

12  2014.

13       You agree, based upon your training and experience as

14  a pilot and a flight instructor, that you knew the airplane

15  was required to be registered with the Federal Aviation

16  Administration.

17       The defendant agrees the airplane was not, in fact,

18  registered with the Federal Aviation Administration on

19  February 27, 2014.

20       You agree that you had regular access to the

21  airplane, including its logbooks, and the defendant agrees the

22  airplane did not have a valid registration certificate on

23  board.  The defendant, therefore, agrees he deliberately

24  blinded himself to the fact that the airplane was not properly

25  registered with the Federal Aviation Administration and agrees

1  he did not believe the aircraft was registered on February 27,

2  2014.

3          The defendant further agrees the airplane was owned

4  by Morris Point, Limited Liability Company, and was,

5  therefore, subject to registration because it was based in and

6  primarily used in the United States.

7          The defendant further agrees the airplane was not

8  being used for air transportation on February 27, 2014,

9  because it was not being used to transport mail and was not

10  being used by a common carrier to transport passengers or

11  property for compensation -- and I'm going to add this -- or

12  any other purpose that would justify it not being registered

13  or used -- I'm sorry.  I will add "any other circumstance of

14  it not being used for air transportation as defined by the

15  pertinent statute."

16          Do you understand that that is the factual basis?

17          THE DEFENDANT:  I do, Your Honor.

18          THE COURT:  And do you accept that factual basis as

19  true and accurate?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And does it reflect your admission in

22  this matter?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Mr. Szott, anything further?

25          MR. SZOTT:  No, Your Honor.  Thank you.

1        THE COURT:  Very well.  It is the finding of the

2   Court in the case of the United States against Gilbert Wayne

3   Wiles Jr. that the defendant is fully competent and capable of

4   entering an informed plea; that Mr. Wiles is aware of the

5   nature of the charges and the consequences of his plea to

6   Count 2; and that the plea of guilty is a knowing and

7   voluntary plea supported by an independent basis in fact

8   containing each of the essential elements of the offense.  The

9   plea is, therefore, accepted, and Gilbert Wayne Wiles Jr. is

10  now adjudged to be guilty -- I think I'll withhold acceptance

11  until I've received your presentence investigation report in

12  this matter -- in this case.  However, I do find that the plea

13  is voluntarily made and is supported by an independent basis

14  in fact containing each of the essential elements.

15        Mr. Szott.

16        MR. SZOTT:  Your Honor, the Government, and I know

17  that the Court is aware of the rule, would ask that the Court

18  accept the plea.  Now, the Court, of course, can defer

19  acceptance of the Plea Agreement in favor of the presentence

20  report, but the rule -- I think Rule 11 contemplates accepting

21  the plea today and then accepting the Plea Agreement down the

22  line.

23        THE COURT:  I'm sure you've looked at it today or you

24  wouldn't say that.

25        MR. SZOTT:  I had occasion to look at it in

 1   connection with a case we tried last year, Your Honor.

 2          THE COURT:  All right.

 3          I will accept the plea but defer acceptance of the

 4   Plea Agreement.

 5          The remaining matter is what happens to Mr. Wiles.

 6   Does the Government object to him being continued on bond?

 7          MR. SZOTT:  No.  In fact, Your Honor, as a condition

 8   of the Plea Agreement, the United States would recommend that

 9   he be continued on bond.  I am not aware, Your Honor, of any

10   issues that he's had on pretrial release.  I don't see any

11   reason the Court could not make the finding that he does not

12   pose a risk of nonappearance or a danger to the community.

13   And, therefore, the Government's recommendation would be that

14   he be continued on the same conditions that he's been on since

15   he made his initial appearance or -- yeah, his initial

16   appearance and had his detention motion in the magistrate

17   court.

18          THE COURT:  I find, in addition, that there is the

19   recommendation of a probationary sentence in this matter which

20   would further justify continuing bond in this matter as well

21   as the findings that he does not represent a danger to the

22   community, so far as we know at this point, nor an undue risk

23   of flight.

24          We'll continue the bond in this matter pending your

25   next appearance before the Court.

1          What is the date we're looking at?

2          COURTROOM DEPUTY:  June 24th.

3          Very well.  We'll see you back before the Court,

4     Mr. Custis, on June 24th, 9:30 in the morning.

5          MR. CUSTIS:  Thank you, Your Honor.

6          THE DEFENDANT:  Thank you, Your Honor.

7          THE COURT:  Do you have any questions about what

8     we've done here today?

9          THE DEFENDANT:  No, I don't.

10          THE COURT:  All right.  Mr. Szott?

11          We'll stand in recess.

12          MR. SZOTT:  Nothing further, Your Honor.  Thank you.

13      (Proceedings concluded 5:05 p.m.

14      April 15, 2016.)

15

16

17

18

19

20

21

22

23

24

25

1                          C E R T I F I C A T E

2

3

4              I, JULIE H. THOMAS, Official Court Reporter for the

5    United States District Court for the District of Wyoming, a

6    Registered Merit Reporter and Certified Realtime Reporter, do

7    hereby certify that I reported by machine shorthand the

8    proceedings contained herein on the aforementioned subject on

9    the date herein set forth, and that the foregoing pages

10   constitute a full, true and correct transcript.

11             Dated this 29th day of September, 2016.

12

13

14

15                        ___/s/ Julie H. Thomas___

16                          JULIE H. THOMAS
                          Official Court Reporter
17                        Registered Merit Reporter
                          Certified Realtime Reporter
18                           CA CSR No. 9162

19

20

21

22

23

24

25