1                    IN THE UNITED STATES DISTRICT COURT

2                        FOR THE DISTRICT OF WYOMING

3    ---------------------------------------------------------------

4    UNITED STATES OF AMERICA,            Case No. 16-CR-00019-J

5            Plaintiff,                   Cheyenne, Wyoming
                                          June 24, 2016
6            vs.                          9:40 a.m.

7    GILBERT WAYNE WILES, JR.,

8            Defendant.

9    ---------------------------------------------------------------

10

11
                     TRANSCRIPT OF SENTENCING PROCEEDINGS
12
                   BEFORE THE HONORABLE ALAN B. JOHNSON
13                    UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16   For the Plaintiff:      MR. THOMAS A. SZOTT
                             Assistant United States Attorney
17                           UNITED STATES ATTORNEY'S OFFICE
                             P.O. Box 668
18                           Cheyenne, WY 82003

19   For the Defendant:      MR. DION J. CUSTIS
                             Attorney at Law
20                           DION J. CUSTIS, P.C.
                             400 East 20th Street
21                           Cheyenne, WY 82001

22
     Court Reporter:         MS. JULIE H. THOMAS, RMR, CRR
23                           901 19th Street, Room A256
                             Denver, CO 80294
24                           (303)296-3056   CA CSR No. 9162

25

     Proceedings recorded by mechanical stenography;
     transcript produced by computer.

1                        I N D E X

2

3   OBJECTIONS TO PRESENTENCE REPORT                    PAGE

       Mr. Szott                                          5
4      Mr. Custis                                         9
       Rulings of the Court                              12
5

6

7   MOTIONS                                             PAGE

    Motion to Dismiss Count 1
8      Mr. Szott                                        20
       Ruling of the Court                              20
9

10

11  JUDGMENT AND SENTENCE                               PAGE

    Mr. Custis                                           9
12  Allocation by the Defendant                         11
    Judgment and Sentence of the Court                  15

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (Proceedings commenced 9:40 a.m.,

2      June 24, 2016.)

3           THE COURT:  Thank you.  Please be seated.

4           The matter we have this morning is the sentencing

5  proceedings in the case of United States of America,

6  plaintiff, against Gilbert Wayne Wiles Jr.  This is under

7  Docket 16-CR-00019.  Present is Assistant United States

8  Attorney Thomas Andrew Szott, and the defendant is present in

9  person with defense counsel Dion J. Custis.

10           A presentence investigation report was prepared by

11  Thomas P. Fitzgerald, United States Probation Officer, and

12  Mr. John Olive is here representing that office today.

13           Is the Government ready to proceed?

14           MR. SZOTT:  Yes, Your Honor.

15           THE COURT:  Mr. Custis?

16           MR. CUSTIS:  We are, Your Honor.

17           MR. SZOTT:  Good morning, Your Honor.

18           THE COURT:  Good morning, Mr. Szott.

19           MR. SZOTT:  This case began in this court with an

20  Indictment that was filed on January the 14th of this year.

21  It charged Mr. Wiles in two separate counts:  Count 1,

22  conspiracy to operate an unregistered aircraft, and Count 2,

23  operating an unregistered aircraft and aiding and abetting.

24           On April 15th of this year Mr. Wiles pled guilty to

25  Count 2 and specifically to the aiding and abetting portion.

1    So he pled guilty to aiding and abetting operation of an

2    unregistered aircraft, and that plea came under a binding plea

3    agreement which was also a conditional plea agreement.  Under

4    Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,

5    the parties seek to bind the Court to a sentence of anywhere

6    from one to three years of probation.  Under Rule 11(a)(2) as

7    I mentioned, Your Honor, it's a conditional plea, so Mr. Wiles

8    is reserving his right to appeal various pretrial motions that

9    he had pending before the Court before the scheduled trial in

10   this case.

11          Two other material terms of the Plea Agreement I want

12   to mention, Your Honor.  The Plea Agreement provides that at

13   the conclusion of the hearing, the United States will move to

14   dismiss Count 1 of the Indictment.  The Plea Agreement also

15   contains a provision in which Mr. Wiles is consenting to the

16   forfeiture of the aircraft involved in this case, that being

17   the aircraft bearing tail number N6214V.  And regarding the

18   forfeiture, I would also note that this Court entered a

19   preliminary forfeiture -- preliminary order of forfeiture on

20   May the 2nd.  That's document number 86 in this court's

21   docket, which provides among other things that the order of

22   forfeiture will become final as to the defendant at the time

23   of sentencing.  And under Rule 32.2(b)(4) again of the Rules

24   of Criminal Procedure, the Court should orally announce the

25   forfeiture as part of the sentence and then refer to the

1   forfeiture order also in the judgment.  So the Government

2   would make that request, Your Honor.

3           The Court referred to the presentence report which

4   was filed on May the 20th.  The Government did not object to

5   the report, and in his original response through counsel,

6   Mr. Wiles didn't either.  That response was filed on June 3rd.

7   Through counsel Mr. Wiles did file objections to the

8   presentence report on June 16th.  Those objections fall into

9   several categories.  He appears to be objecting to the

10  application of Section 2B1.1 of the sentencing guidelines and

11  referring to a previous motion that he had filed.  The

12  previous motion actually contains a discussion that would

13  support the applicability of 2B1.1, Your Honor, and absent any

14  contention from the defendant today, the Government would urge

15  the Court to apply 2B1.1.

16          Mr. Wiles is also objecting to the two-level

17  sophisticated means enhancement under Section 2B1.1(b)(10)(C),

18  and as I understand it, his contention is that that

19  enhancement should not apply because he does not -- he claims

20  he does not own the aircraft.

21          He is also objecting to various factual assertions by

22  third parties and two special conditions of probation.  He

23  objects to the condition that would require a mental health

24  evaluation and associated treatment if -- presumably, if

25  required.  He also objects to the drug abuse evaluation

1   condition and, again, presumably the associated treatment.

2           The guideline calculation in the presentence report

3   is as follows:  It begins with a base offense level of 6.  Two

4   levels are added for that sophisticated means enhancement.

5   Mr. Wiles then receives a two-level reduction for his

6   acceptance of responsibility which results in a total offense

7   level of 6, Criminal History Category I, and an advisory

8   guideline range of zero to six months.

9           Regarding the guideline calculation, Your Honor, even

10  if the Court were to not apply the sophisticated means, we

11  would still be in Criminal History Category I, zero to six

12  months.  It's really just a question of whether it's total

13  offense level 6 or 4.  The Government's position is that that

14  enhancement should apply, that based on the language of the

15  guidelines that Mr. Wiles's ownership of the aircraft really

16  isn't material.  The question is whether he caused the conduct

17  constituting the sophisticated means, and here that would be

18  the use of a shell company or shell entity as the purported

19  owner of the aircraft.

20          Regarding that enhancement, Your Honor, I do have

21  Special Agent Joe O'Haver in the courtroom.  He is available

22  to testify.  However, again, because it won't affect the

23  guideline calculation and really shouldn't affect the sentence

24  in any way, I'm really hesitant to spend a lot of time putting

25  on evidence.

1          I would also note, Your Honor, that under the Rules

2    of Criminal Procedure, the rules -- Rule 32 requires the

3    defendant to raise objections within 14 days of receiving the

4    PSR.  I know in this District the Probation Office will

5    typically in an e-mail, if not always, indicate a response

6    deadline that's a little later than that 14 days.

7    Nevertheless, certainly it would not be as late as he in fact

8    objected.  And, therefore, again under the Rules of Criminal

9    Procedure and Tenth Circuit case law, and here I'm citing to

10   the case of *United States versus Eastteam*, 426 F.3d 1301 at

11   1303, and what the Tenth Circuit said summarizing these

12   provisions is:  "A defendant must raise objections to a PSR

13   within 14 days of receiving the PSR.  See Fed.R.Crim.P.

14   32(f)(1).  A district court may, however, entertain a new

15   objection at any time before sentencing if the defendant shows

16   good cause."

17         So if this Court were to find good cause to entertain

18   these untimely objections, I anticipate -- I'm prepared to

19   offer argument on the sophisticated means.  I'm not inclined

20   to offer evidence, although the special agent is available.

21         Regarding the mental health evaluation, Your Honor,

22   I -- I haven't spoken to Mr. Fitzgerald about it.  I don't

23   know that there is sufficient basis in the PSR to order a

24   mental health evaluation.  I know there was a statement by

25   defendant's mother that seemed to be the primary basis for

1   that, some other indicators as well.  I'm not sure that that

2   one would hold up.  There's ample indications in the PSR,

3   though, Your Honor, supporting the drug abuse evaluation

4   condition, and certainly the Government would support that

5   condition and would argue for its application.

6          So with apologies for the length of that

7   introduction, Your Honor, I believe we're ready to proceed.

8          THE COURT:  Very well.  Counsel.

9          MR. CUSTIS:  Yes, Your Honor, Dion Custis for

10  Mr. Wiles, and we are ready to proceed.

11         THE COURT:  Very well.  Mr. Wiles, would you raise

12  your right hand and be sworn.

13     (The defendant was sworn.)

14         COURTROOM DEPUTY:  Thank you.

15         THE COURT:  Please state your full name.

16         THE DEFENDANT:  Gilbert Wayne Wiles Jr.

17         THE COURT:  Are you under the influence of any drug,

18  alcohol, pill, or medication today?

19         THE DEFENDANT:  No, Your Honor.

20         THE COURT:  Have you received access to the

21  presentence investigation report?

22         THE DEFENDANT:  I have.

23         THE COURT:  And have you discussed the matter with

24  your attorney?

25         THE DEFENDANT:  Yes.

1           THE COURT:  And are you satisfied with his work for

2    you so far?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Very well.  I have reviewed the

5    presentence investigation report in this case and find that it

6    is well and thoughtfully prepared and that the probation

7    officer went the additional step of verifying and checking all

8    of the information that was provided in it.  I find that for

9    all of the reasons of treating defendants who are similarly

10   situated in a similar manner in this offense, and considering

11   the guideline used by analogy, that I will accept the Plea

12   Agreement in this matter under Federal Rule of Criminal

13   Procedure 11(c)(1)(C) and the sentence that will be imposed

14   will be imposed pursuant to that agreement that was entered

15   into in this matter and was filed with the Court.

16           With that said, I'd be pleased to hear anything that

17   counsel wishes to say.

18           MR. CUSTIS:  Yes, Your Honor.  Your Honor, in light

19   of that, the only thing that I would like to address is the

20   length of probation.  I would urge the Court to consider a

21   two-year probation period.  I think it's appropriate.  And

22   probably the most convincing evidence that this Court has is

23   his conduct on pretrial supervision, which is for

24   approximately six months.  Within that there's been absolutely

25   no problems whatsoever.  He has gainful employment, a stable

1    residence.  He's been -- the Probation Office has been to his

2    home on more than one occasion.  They have met with him on

3    more than one occasion.  They have deemed his home, his work,

4    his friends and associates to be suitable.  And really this is

5    a person that I don't really believe needs any supervision.

6          Understanding that he's pled to a federal offense and

7    that's required, I think a minimal probation period is

8    appropriate for him.  I really don't see that we need to waste

9    any government resources on him.  He really has given no cause

10   to do that.  He's accepted responsibility for this offense,

11   and there really -- I don't believe there's really any other

12   outstanding issues surrounding it that have not been dealt

13   with at this point in time.

14         And what I'm referring to is specifically the portion

15   requiring drug testing and/or drug eval.  I think certainly

16   Mr. Wiles would submit to a drug evaluation.  We believe it

17   would come back as not recommending any type of treatment

18   because he's not a drug user and is not in need of any

19   treatment.  So -- but I think just a blanket condition that he

20   submit to drug testing is really unnecessary.  Again, I think

21   it's just a waste of resources at this point in time being

22   that he's been on pretrial supervision for six months, has

23   never had any indication in that time that there is any

24   concern there.

25       (The defendant and counsel consult.)

1           MR. CUSTIS:  And he tells me that they did do a drug

2    screening and obviously had no issues with it while he's been

3    on pretrial supervision.

4           So, Your Honor, that and the mental health

5    evaluation, again I don't think that that also is warranted.

6    There doesn't seem to be anything in here to indicate that

7    that's necessary.  Again, I think that would be, again,

8    another waste of resources from the government.

9           So this is an individual that stands before you, Your

10   Honor, that I think is going to be very successful on

11   probation.  I think he's shown that already.  And I think that

12   the level of supervision is going to be very limited.  Once

13   they actually do start the supervision, they're going to see

14   that this is a person that they really do not need to

15   supervise and spend a lot of time with.

16          So with that, Your Honor, we would request a two-year

17   probation period, and certainly Mr. Wiles will abide by any

18   condition the Court imposes.

19          THE COURT:  Thank you.

20          Mr. Wiles, I'd be pleased to let you speak and

21   address the Court.

22          THE DEFENDANT:  Your Honor, obviously I'm in a

23   position here that I never saw myself in.  I take full

24   responsibility for my actions and apologize to the Court for

25   even wasting this time.  I'm looking forward to moving forward

1    in a positive direction.  Thank you.

2         THE COURT:  Well, that makes absolute good sense in

3    this matter, Mr. Wiles.

4         The Court fully adopts the terms and conditions of

5    the -- I'm sorry, I didn't say that correctly -- fully adopts

6    the findings of the probation officer in this matter.  I

7    realize that there is some issue as to the calculation of the

8    guideline in this matter, but I don't think it is a

9    significant issue in the context of the Plea Agreement that

10   was entered into by and between the parties to this matter,

11   but I think needs to be addressed by the Court at any rate and

12   represents a thoughtful attempt by the probation officer to

13   address this case in the context of the guidelines by way of

14   providing assistance to the Court and a additional check

15   concerning the sentence that is being imposed in this matter

16   and its reasonableness for the purposes of sentencing under

17   federal law.

18        I recognize the arguments that have been made by

19   Mr. Custis certainly and his views about conserving

20   governmental resources, and ultimately I recognize that the

21   supervised release -- supervised probation that this Court

22   will be imposing will be under the, largely, the control of a

23   United States Probation Officer who will be dealing with

24   Mr. Wiles on a regular basis and making decisions concerning

25   his progress.  He will know Mr. Wiles much better than we do

1   in this courtroom by that contact face to face over a period

2   of time, and their evaluation of whether or not it's purely an

3   adversarial type of relationship, one that is opposed at every

4   step, or one that really represents a person who is attempting

5   to, at age 38, to establish a track record and a life for

6   himself with some stability and relationships that last will

7   be really their decision as opposed to mine.  If it is one

8   that is filled with difficulty, then either a judge in

9   Colorado or wherever will be seeing the matter, or it may be

10  back here, and we'll have to deal with it.  And we will.

11          I really, Mr. Wiles, feel more strongly that there

12  are aspects of your part in this and you as a person and your

13  style of life that gives me some more concern than even your

14  codefendant.  And I recognize that you strongly contest the

15  opinions and put forth the favorable opinions, and there are a

16  number of them that were reported to Mr. Fitzgerald of more

17  recent acquaintances, but even concerns that family members

18  have had as well as the women in your life and the domestic

19  violence issues that have occurred and the assaults

20  that -- the assault issue at a dance and et cetera that are in

21  that record and really the -- until recently the lack of

22  genuine stability.

23          On the other hand, you are a person who presents with

24  good intelligence.  Not everybody is able to secure a license

25  to operate aircraft and an instructor license in addition.

1  That's not for dummies.  It requires some additional skills

2  that most people do not have or possess.

3       I'm pleased that for the most recent history that you

4  have been maintaining steady employment, and it appears to be

5  lawful activities.  And I am pleased in addition that a

6  probation officer will be making the decision as to what is

7  the nature of the testing that will be going on and whether or

8  not there is any need for treatment or an extensive drug

9  program, which may not be.  And they hold the purse strings in

10 terms of what they do.

11      That's all I can offer in terms of my thoughts in

12 this matter.  This case is still largely one that is

13 surrounded in mystery to its full extent, to the full purpose

14 and the full individuals who may be involved in what may be

15 going forward as we speak and any such activity.  Particularly

16 concerning here was the use of false names, the amount of

17 money that was invested in this enterprise.

18      Mr. Wiles, you understand that a forfeiture action

19 has been commenced and a preliminary order of forfeiture has

20 been entered in this court with respect to aircraft possessing

21 tail number N6214 Victor.  Do you oppose in any way the

22 forfeiture of that aircraft?

23      THE DEFENDANT:  I don't understand how I can forfeit

24 something that doesn't belong to me, but, no, I do not oppose

25 it.

Julie H. Thomas, RMR, CRR                    (303)296-3056

1          THE COURT:  Very well.  Pursuant to the Sentencing

2   Reform Act of 1984, the factors enumerated in 18 United States

3   Code Section 3553(a), and in particular the Court is looking

4   at the rather odd nature of how this case came about --

5   looking behind it, there are certainly larger questions that

6   loom -- as well as the defendant's situation, it is the

7   judgment and sentence of the Court that the defendant, Gilbert

8   Wayne Wiles Jr., is hereby sentenced to a term of three years

9   of supervised probation with the recommendation that it not be

10  terminated early, leaving it really in the hands of those who

11  will know him best, that is, the probation officers wherever

12  he may be located.

13          Within 72 hours of sentencing, the defendant shall

14  report in person to the Probation Office in the District to

15  which he resides, which I think is the District of Colorado,

16  and while on supervised probation he shall abide by the

17  mandatory and standard conditions adopted by this Court.

18  Mandatory meaning by law, and standard are conditions adopted

19  by the U.S. Sentencing Commission and which are included in

20  the judgment and sentences of this Court.

21          In addition, due to the nature of the offense of

22  conviction, which included the possession of over a quarter of

23  a million dollars in U.S. currency possessed by both

24  defendants, the purchase of a $130,000 aircraft by the

25  defendant who claims to have not made any money through

1    legitimate employment, and law enforcement tracking multiple

2    unregistered flights from California to Oregon, Minnesota, and

3    Illinois by the aircraft after he purchased it, conditions are

4    recommended to monitor financial activity and manage financial

5    risks, including reporting income, new credit or debt, paying

6    taxes and filing tax returns, and advance approval regarding

7    employment issues.

8          Also, because the defendant has a documented history

9    of domestic violence, anger issues, and substance abuse,

10   special conditions are added to require participation in

11   mental health and drug treatment testing and abstinence from

12   mind-altering substances, including alcohol.  A copay

13   condition is imposed to assist in fiscal management of the

14   drug testing program and to provide accountability for the

15   defendant.

16         Given the nature and extent of the defendant's

17   criminal history, a condition is imposed to address cognitive

18   thinking errors.

19         The nature of financial crimes, substance abuse, and

20   the need to address officer safety justifies a search

21   condition.

22         The following special conditions are thus imposed:

23         First, defendant shall not incur any new debt or

24   credit without permission of the probation officer.

25         Second, defendant shall provide full financial

1    disclosure to the U.S. Probation Officer, including detailed

2    documentation of income and expenses.

3          Third, defendant shall cooperate with the Internal

4    Revenue Service and file tax returns timely and lawfully, pay

5    back taxes, penalties, and interest that may be determined by

6    the IRS.

7          Fourth, any employment shall be subject to prior

8    approval by the probation officer.  I don't anticipate any

9    problem there.  And he shall not discontinue employment

10   without prior approval of the U.S. Probation Officer or shall

11   report any loss of employment to the probation officer

12   promptly.

13         Fifth, defendant shall submit his person, residence,

14   storage facility, office, and vehicle to search conducted by

15   the probation officer at a reasonable time in a reasonable

16   manner based upon reasonable suspicion of contraband or

17   evidence of a violation of a condition.  Failure to submit to

18   search may be grounds for revocation.  Defendant should warn

19   others occupying the premises that it may be subject to search

20   by the Probation Office.

21         Sixth, defendant shall participate in a cognitive

22   behavioral treatment regimen ordered by the probation officer,

23   participate actively until successfully discharged or excused

24   by the probation officer.

25         Seventh, he shall complete a mental health evaluation

1  and, if recommended, participate in and successfully complete

2  anger management, domestic violence treatment in a program

3  approved by the probation officer, abiding by the rules,

4  requirements, and conditions of that treatment program and not

5  discontinuing it without permission of the probation officer.

6  He shall participate in and successfully complete substance

7  abuse treatment in a program approved by the probation

8  officer, if necessary, and shall not discontinue it if ordered

9  without permission of the probation officer.  He shall submit

10 to drug and alcohol testing as directed by the probation

11 officer, complying with copays imposed pursuant to any

12 District policy should he fail to comply.

13         Tenth, as a component of his treatment and testing,

14 there is a one-time fee of $250 to partially defray the costs

15 of treatment and/or drug testing.  Those payments shall be

16 made by cashier's check or money order to the Clerk of the

17 District Court here in Cheyenne.  This condition is waived if

18 he is supervised by any District other than Wyoming.

19         Eleventh, defendant shall not engage in flight or

20 flying aircraft without permission of his supervising

21 probation officer during the term of this supervised

22 probation.

23         Twelfth, he shall refrain from any use or possession

24 of alcohol or other intoxicants, including over-the-counter

25 medications used contrary to recommended dosage or the

1   intentional inhalation of any substance, prescribed or

2   otherwise, without permission of the probation officer and

3   shall not enter establishments whose primary income is derived

4   from the sale of alcohol.

5          Thirteenth, defendant shall satisfy his outstanding

6   and active warrants in Greenfield, Indiana, and Columbus,

7   Ohio, within the first six months of the probation term.

8          The Court finds the defendant does not have the

9   ability -- or does have the ability to pay a fine within the

10  guideline range, and a fine of $1,000 is ordered, due

11  immediately inclusive of penalties and interest if applicable.

12         And, finally, it is ordered defendant shall pay a

13  special assessment fee in the amount of $100, which shall be

14  due immediately.

15         Payments for monetary obligations shall be made

16  payable by cashier's check or money order to the Clerk of the

17  District Court here in Cheyenne.  Defendant shall pay his

18  financial obligations immediately.  Those not paid immediately

19  shall be paid commencing 30 days after imposition of probation

20  in monthly payments of not less than $25 or 10 percent of the

21  defendant's gross monthly income, whichever is greater.  All

22  monetary payments shall be satisfied not less than 60 days

23  prior to the expiration of the term of supervised probation.

24         Defendant is effectively barred from appealing the

25  length of sentence because he has received the sentence

1    stipulated in the binding 11(c)(1)(C) Plea Agreement.

2             Count 1 is dismissed upon motion, if that motion is

3    made, of the United States.

4             MR. SZOTT:  The United States would make that motion,

5    Your Honor.

6             THE COURT:  The motion is granted, Mr. Szott.

7             Mr. Szott, do you want to remind me of anything that

8    we've neglected here?

9             MR. SZOTT:  A couple of things, Your Honor, about

10   the -- about the advisement and conditions of supervision.

11   Again, I -- not the sentence itself.  I would again note that

12   Mr. Wiles has reserved the right to appeal those pretrial

13   motions as a condition of his -- he has a conditional Plea

14   Agreement, so that right of appeal is certainly available.

15            And then, Your Honor, with respect to the substance

16   abuse treatment condition, I just wanted to clarify so that we

17   don't have any issue with delegation of authority to the

18   probation officer.  I didn't look at this recently, but my

19   understanding is it's proper for the Court to order treatment

20   or order an evaluation and compliance with any recommended

21   treatment, but not to give the probation officer discretion to

22   order the treatment.  I believe Mr. Olive probably would know

23   this area of the law as well or better than I do, but -- so

24   the Government would request that the substance abuse

25   treatment condition either -- either the Court require that

1  treatment, or what might be the safer approach would be to

2  require an evaluation and then compliance with any treatment

3  that's ordered as a result of that evaluation.

4        THE COURT:  I think the language we used was "shall

5  participate in and successfully complete substance abuse

6  treatment in a program approved by the U.S. Probation

7  Officer."

8        PROBATION OFFICER OLIVE:  Correct, and, Your Honor,

9  that would not violate the directives from the Tenth Circuit

10  and other appellate courts because the defendant is required

11  by the Court to participate in a program.  The program simply

12  has to be approved by the probation officer.

13        MR. SZOTT:  I believe that's correct, Your Honor.

14        THE COURT:  Well, we do need to remind the defendant

15  he has 14 days from the date that the judgment and sentence is

16  entered in this matter within which to perfect and file his

17  notice of appeal.  And your attorney is very much aware of

18  that 14-day period, so you should discuss it with him.

19        There appears to be nothing further before the Court

20  this morning, and we will stand in recess.

21        MR. CUSTIS:  Thank you, Your Honor.

22     (Proceedings concluded 10:12 a.m.,

23     June 24, 2016.)

24

25

1                          C E R T I F I C A T E

2

3

4              I, JULIE H. THOMAS, Official Court Reporter for the

5    United States District Court for the District of Wyoming, a

6    Registered Merit Reporter and Certified Realtime Reporter, do

7    hereby certify that I reported by machine shorthand the

8    proceedings contained herein on the aforementioned subject on

9    the date herein set forth, and that the foregoing pages

10   constitute a full, true and correct transcript.

11             Dated this 29th day of September, 2016.

12

13

14

15                     ___/s/ Julie H. Thomas___

16                        JULIE H. THOMAS
                        Official Court Reporter
17                     Registered Merit Reporter
                       Certified Realtime Reporter
18                        CA CSR No. 9162

19

20

21

22

23

24

25